[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15927

_____

D. C. Docket No. 04-00725 CV-ORL-JA-JGG

STEPHEN H. GOLDMAN,

Plaintiff-Appellant,

versus

BRACEWELL & GIULIANI, L.L.P.,
a Texas limited liability partnership,
NANCY A. WODKA, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 8, 2006)**

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

Stephen H. Goldman sued Bracewell & Giuliani, LLP, Nancy A. Wodka, and

John R. Brantley (collectively, "Bracewell & Giuliani") for legal malpractice, breach

of fiduciary duty, and negligent misrepresentation. Bracewell & Giuliani represented DPT, a company in which Goldman was the majority shareholder, in a sale of DPT to Adaptec. The district court granted summary judgment for Bracewell & Giuliani, finding that Goldman failed to raise a genuine issue of material fact as to the causation element of each of the alleged torts. Goldman appeals. We affirm.

The record supports the district court's finding that Goldman failed to present competent evidence that Bracewell & Giuliani proximately caused any damage to Goldman. Assuming arguendo that Bracewell & Giuliani breached duties to Goldman, Goldman still could not succeed in recovering on his tort claims because he presented no competent evidence that the sale of DPT would have gone forward at more than $184 million.[1]

On appeal, Goldman makes another argument that, even if the district court were correct with regard to the causation of damages resulting from the sale of DPT, its grant of summary judgment is erroneous because it forecloses his recovery of over $4 million in attorneys' fees and costs, causation of which is proven by the fact that he incurred these fees and costs in defense of an arbitration arising out of the sale of DPT. After reviewing the record, we find that, despite the facts that Bracewell &

---

[1]In an effort to muster some evidence of causation, Goldman argues that the district court abused its discretion in striking a privilege log and expert testimony that he offered in support of his claims. We find no abuse of discretion in either evidentiary ruling.

Giuliani filed a "Dispositive Motion for Summary Judgment" in the district court and argued therein that all of Goldman's claims failed for lack of causation and damages, Goldman failed to respond by identifying the issues of causation or damages regarding attorneys' fees and costs. Therefore, this argument is waived; we will not consider it on appeal. *See Stavropoulos v. Firestone*, 361 F.3d 610, 616 n.6 (11th Cir. 2004).

AFFIRMED.